IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLIN OBED VILLANEUVA-BARAHONA,<br>Plaintiff,<br>v.<br>J.L. JAMISON, et al.,<br>Defendants. | CIVIL ACTION<br>NO. 26-8102 |

**ORDER**

**AND NOW**, this 29th day of October 2026, upon consideration of Petitioner Orlin Obed Villaneuva-Barahona's Petition for Writ of Habeas Corpus (Doc. No. 1), and the Government's Response in Opposition to Petitioner's Habeas Petition (Doc. No. 3), it is **ORDERED** that the Petition (Doc. No. 1) is **GRANTED**.[1] It is **FURTHER ORDERED** as follows:

[1] Petitioner Orlin Obed Villaneuva-Barahona ("Petitioner") is a citizen of Honduras who entered the United States in November 2023. (Doc. No. 1 at 6.) Petitioner was detained by Department of Homeland Security ("DHS") officers shortly after he arrived to the United States, but was released upon DHS's finding that he was not a danger or flight risk. (Id.) On October 21, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents during a routine check-in. (Id.) Petitioner is currently at the Federal Detention Center in Philadelphia. (Id. at 7.)

On October 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). On October 28, 2026, the Government filed a Response in Opposition (Doc. No. 3).

Petitioner argues he is detained in violation of the Immigration and Nationality Act ("INA") and Due Process Clause of the Constitution. (Doc. No. 1 at 7–25.) Specifically, Petitioner asserts he is entitled to immediate release because the Government has re-detained him "absent any materially changed circumstances showing that he is now a danger or flight risk." (Id. at 3.) In response, the Government claims that Petitioner has submitted a request for a bond hearing, and his suit should be dismissed for failure to exhaust administrative remedies because the bond hearing has not yet occurred. (Doc. No. 3 at 2–3.)

The parties do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Section 1226(a) of the Immigration and Nationality Act (INA) permits ICE to "arrest[] and detain[] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This statute and its accompanying regulations "provide that aliens detained

1) By November 6, 2026, the Government must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If the Government fails to hold a bond hearing by November 6, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By November 13, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bonding hearing was held, advice the Court regarding Petitioner's release.

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.

---

under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018); 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal). In this vein, the Third Circuit Court of Appeals has recognized the detention of noncitizens under Section 1226(a) "without bond hearings violates the Due Process Clause." Buele Morocho v. Warden Phila. FDC, No. 26-1150, 2026 WL 2546223, at *8 (3d Cir. Aug. 28, 2026).

As noted above, Petitioner is held subject to Section 1226(a) and is therefore entitled to procedural protections under that statute. Because 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision. As such, the Court will order the Government to provide Petitioner with a bond hearing under Section 1226(a) by November 6, 2026. If the Government does not hold a bond hearing by November 6, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Orlin Obed Villaneuva-Barahona's Petition for Writ of Habeas Corpus (Doc. No. 1).